HARRY N. BAETJER ET AL., Appellants, *v*. REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 1070. Submitted June 15, 1940.—Decided June 28, 1940.

*Fiddler, McConnell & González* and *J. M. Morales* for appellant. The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the court.

A notarial instrument was presented to the Registrar of Property of Humacao with a request that he make certain entries as to the cancellation of the mortgages mentioned therein. More specifically the request was that the registrar should make an entry in full as to the cancellation of a first mortgage upon a property described as number 24, and an annotation in brief of the cancellation as to other properties in the Humacao district.

Property number 24 was subject to a first mortgage of $8,000 with interest. Ten dollars in revenue stamps was tendered to cover cancellation fees. Twenty-one dollars in revenue stamps was tendered as covering the fees for the annotations in brief.

As to a second mortgage on property number 24, the registrar was requested to make an entry in full concerning the cancellation thereof and an annotation in brief as to the other properties. The second mortgage upon that property, it was pointed out, was for $100 principal and interest. Two dollars in revenue stamps was tendered in payment of the fees for the entry in full and twenty-one dollars in payment of the fees for the annotations in brief.

As to a third mortgage upon property number 24, the registrar was requested to make an entry in full concerning

the cancellation thereof, and an annotation in brief as to each of the other properties described in the instrument. This third mortgage, it was pointed out, was for $100 principal, with interest. Two dollars in internal revenue stamps was tendered in payment of the fees for the entry in full and twenty-one dollars in payment of the fees for the annotations in brief.

Only three dollars in internal revenue stamps was tendered as covering the fees for three annotations in brief concerning the cancellation of mortgages on another property, number 28, known as the Eastern Sugar Estates because $1,479 had already been paid in the Registry of Caguas as the full amount of cancellation fees for that property.

The Humacao registrar suspended the cancellation requested for reasons endorsed on the instrument of cancellation as follows:

"First: Because this registry should receive the cancellation fees as to properties located within this district—which includes the municipalities of Humacao, Yabucoa, Las Piedras, Naguabo, Vieques and Culebra—as follows: As regards the first mortgage for $7,001,087.77, plus $857,748.36 as interest thereon for two years at 7% per annum, plus a further sum of $500,000 without interest; as regards the second mortgage for $3,092,000.00 as principal, interest thereon at 7% per annum for one year and $60,000 for costs; and as regards the third mortgage for $1,380,500.00, with interest thereon at 7 % per annum for one year and $60,000 for costs.

"Second: Because the full cancellations should be made on the property known as the Eastern Sugar Estate—property number 28 of the instrument, located in the above six municipalities—where the full record of these mortgages was originally entered, since that property is the one most affected by said records,—all pursuant to articles 234 and 236, Title VI of the Mortgage Law and sections 157 and 257 of its Regulations.

"Third: Because in accordance with item No. 3 of Schedules of Fees, as approved by Act No. 32 of November 30, 1917, the fees for these full cancellations should be:

"For six full cancellations of the first mortgage: $956.00

"For six full cancellations of the second mortgage: $346.90

"For six full cancellations of the third mortgage: $163.80.

"FOURTH: Because the interested parties, upon being required in writing, have failed to deposit the sum of $1,453.20 in internal revenue stamps, which is the amount needed to complete the sum of $1,530.20, required for the above cancellations, including 63 small marginal notes concerning other 21 estates in this registry, which are encumbered by the same mortgages."

The Eastern Sugar Estates is a group of small sugar mills and other properties including more than 30,000 acres of land situated in four different registration districts, two of which are Caguas and Humacao. See article 8 of the Mortgage Law and 61 of the Regulations. The instrument of cancellation presented to the Registrar of Humacao had been previously presented to the Registrar of Caguas and to the Registrar of San Juan, second section. An endorsement by the Registrar of Caguas showed that the cancellation of the mortgages on the Eastern Sugar Estates, as far as properties situated in the Municipalities of Caguas, Gurabo, Juncos and San Lorenzo were concerned, had been entered in the Registry of Caguas and that revenue stamps to the amount of $1,479 had been canceled as required by number 3 of the schedule and Political Code.

Section 22 of "An Act assigning salaries to the registrars of property, and for other purposes", approved March 10, 1904, as amended in 1917 (Session Laws, vol. II, p. 308), reads in part as follows:

"The schedule of fees to be paid hereafter for the services of the registrars of property by the affixing and cancelling of proper internal revenue stamps, as herein provided, shall be as follows:

"*       *       *       *       *       *       *

"NUMBER THREE

"For all operations of whatever kind, made at the instance of an interested party for the cancellation or redemption of mortgages, annuities (censos), or real rights, including the entry of presentation and marginal notes, the following fees shall be charged for each estate:

"*       *       *       *       *       *       *

"(m) From twenty to thirty thousand dollars_____$13.00 and

for each additional one thousand dollars or fraction thereof ten cents additional shall be charged.

"If the cancellation is refused, only one-half the fees hereby established shall be charged.

"Abstract cancellations made by marginal notes shall pay only one (1) dollar."

Article 119 of the Mortgage Law provides that:

"When a number of estates shall be mortgaged at the same time for a single credit, the amount or part of the charge to be borne by each shall be specified."

In *Solís* v. *Registrar,* 19 P.R.R. 984, this court held, as stated in the syllabus, that:

"When a mortgage is created on a single property lying in two separate municipal districts of the same registry of property, it is not necessary to describe separately in the instrument the parts of said property lying in each of the municipal districts, for said descriptions must appear in the separate registries of each of the said municipal districts in the first record of the respective parts of the property; nor is the debtor obliged to state the amount or part of the encumbrance for which each part of the property should respond, section 119 of the Mortgage Law not being applicable to such a case."

In *Central Cambalache* v. *Registrar,* 52 P.R.R. 770, some twenty-five years later we held, as stated in the syllabus, that:

"The fact that by reason of a rule for the internal management of registries a consolidated property extending into three municipalities within the territory of a single registry must be recorded in three separate volumes, does not authorize the registrar to require the payment of fees as though three properties and three separate rights were involved."

The first article of the Mortgage Law ordains that: "If an estate be situated within the territorial districts of two or more registries, it shall be recorded in all of them."

Number three of the schedule, *supra,* is not an innovation. It is a reenactment of its prototype number five of the schedule in force during the Spanish régime. Article 8 of the

Mortgage Law and article 61 of the Regulations are not new. They coexisted with article one of the Law, with the former "Schedule of the fees to be charged by registers of property" and with the "General Rules" in force for many years prior to the change of sovereignty. Numbers 7 and 8 of those "General Rules" were as follows: (Laws, Ordinances, Decrees and Military Orders, effective in Porto Rico May 1, 1900, Part 2, p. 1256.)

"7. With the object of enabling the Register to grade his fees in accordance with the provisions of this Schedule, he must take into account the contents of the instrument itself, not taking into consideration the value of encumbrances which are canceled in the Registry, should they be mentioned in the instrument. If the value of each estate or interest does not appear in the instrument, the person presenting it shall be required to state said value in a note on common paper, which shall be filed in the office. Should he not make this statement, the Register shall have a right to charge the highest fee of the proper scale of such fee as he may deem advisable.

"8. When, for the purpose of ascertaining the value of some state or property right which is transferred, it should be necessary to compute some lien thereon, affecting at the same time other property, the responsibility of each one of them not being determined, a memorandum on common paper shall be made in which all the estates subject to the lien shall be detailed, and the value of each one, so that the Register may make the proper calculation, computing the lien, with regard to the estate or interest which it is desired to enter, and the amount which, according to the value of the latter, it bears pro rata with the other encumbered estates. Should this statement not be presented, the Register need not take into consideration the encumbrance in question."

Apparently it did not occur to the framers of these "General Rules" to anticipate the difficulties which might arise in the calculation of fees upon cancellation of a mortgage executed without apportionment of liability among the component parts of the mortgaged property situated in different registration districts. The omission is significant. The explanation may or may not be found in article 119 of the Mortgage Law, *supra*. However this may be, in the

instant case, the instrument of cancellation afforded no basis for an apportionment of liability among the various parts of the Eastern Sugar Estates lying in different registration districts. Unless the *Solís* case can be distinguished, the mortgagee and the mortgagors at the time of executing the mortgage, were not obliged to limit the liability of any part of the mortgaged property to less than the total amount of the mortgage. Had they desired to do so, either at the time of cancellation or thereafter, it was then too late. The question arises whether the mortgagors should now be penalized for their failure, through inadvertence or otherwise, to insist upon and obtain an apportionment of liability at the time of executing the mortgage.

Section 23 of the Regulations follows:

"If by the same instrument property situated in territory belonging to different registries should be alienated or encumbered, it shall be recorded in the proper registry, its record being effective from the date of the presentation of the instrument as to the property referred to therein. If an estate should be situated within the territory belonging to two or more registries, the record shall be made in each one of them, but including therein only that part of the estate which may be situated therein."

For the purposes of this opinion we may assume with the registrar that if a property formed by the grouping of four parcels in as many different registration districts be mortgaged for say, $100,000 and if the mortgagee and mortgagor agree that the part of the mortgaged property in registration district A shall be liable for $50,000, the part in registration district B for $25,000, the part in registration district C for $15,000 and the part in registration district D for $10,000, then upon cancellation of the mortgage and presentation of the instrument of cancellation, the fees for the necessary entries of cancellation·in each of the four registries would be the same as though the part of the mortgaged property in that district had been separately mortgaged for the amount specified as that for which it was liable. The

question is whether in the absence of such an agreement —after one of the four registrars, upon presentation of an instrument of cancellation, has collected, in revenue stamps, fees to the same amount that would have been required if that part of the mortgaged property in his district had been separately mortgaged for $100,000—each of the other registrars, upon presentation of the same instrument of cancellation, is entitled to demand and collect a like amount, thus compelling the mortgagor to pay four times what he would have been required to pay if he had not failed to obtain from his mortgagee such an agreement at the time of executing the mortgage. This question, we think, must be answered in the negative.

■ This is not a case of double taxation. There is no question of tax *vel non*. We agree with the registrar that the statutory fees "are in the nature of a compensation paid by the interested party for the services he is given and for the benefits he obtains". *León* v. *Registrar,* 47 P.R.R. 847. We agree that the rulings of one registrar are not binding upon another and that each must make his own decisions upon his own responsibility. The registrar may or may not be right in his contention that one or more entries in full may be necessary instead of one or more of the marginal notes requested by appellants. What we hold is that—aside from any question as to compensation for the marginal notes requested by appellants, a question which is not before us— compensation for any services to be rendered by the Registrar of Humacao was included in the fees collected by the Registrar of Caguas and that any additional services that may be rendered should be rendered without further compensation.

The ruling appealed from must be reversed. The instrument of cancellation will be returned to the registrar of property for the making of such entries as he would have made if the additional fees demanded by him had been paid.